11-1596-cr
United States v. Cummings

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN
CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE
EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY
PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 9th day of July, two thousand twelve.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             GERARD E. LYNCH,
                      *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                              *Appellee*,

            -v.-                                                    11-1596-cr

REGINALD CUMMINGS, AKA MANUEL ROSADO,
AKA SONNY ONOGWU, AKA STEVE COSEMI CADE,

                      *Defendant-Appellant*.

---

Appearing for Appellant:    Jonathan Svetkey, Watters & Svetkey, LLP, New York, N.Y.

Appearing for Appellee:    Sandra S. Glover, Assistant United States Attorney, District of
                           Connecticut (David B. Fein, United States Attorney for the District
                           of Connecticut, Robert M. Spector, *on the brief*), New Haven,
                           Conn.

        Appeal from a judgment of the United States District Court for the District of
Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Reginald Cummings appeals from a conviction for access device fraud in violation of 18 U.S.C. § 1029(a)(2). Cummings presses two arguments on appeal: first, that the district court erred in granting his motion to dismiss the first indictment under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, "without," rather than "with," prejudice; and, second, that the district court erred in denying in part his motion for a retrial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As to Cummings's Speedy Trial Act argument, we agree with the government that whether the district court should have dismissed the first indictment with prejudice is moot; Cummings "lack[s] a legally cognizable interest in the outcome" of our review of this issue, *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation marks omitted), because Cummings was not tried on or convicted of any offense charged in the first indictment; to the contrary, his sole count of conviction was charged only in the superseding indictment, as was the only other count on which he was tried.

Insofar as Cummings seeks to argue that the access device fraud count should nonetheless have been dismissed with prejudice under the Speedy Trial Act, that argument fails for two reasons. First, Cummings waived his right to seek dismissal of this count by failing to move to dismiss the superseding indictment. *See* 18 U.S.C. § 3162(a)(2); *United States v. Abad*, 514 F.3d 271, 273-74 (2d Cir. 2008). Second, even if it were possible to construe Cummings's motion to dismiss the first indictment as encompassing a motion to dismiss the superseding indictment, the access device fraud count would not be subject to dismissal under the Speedy Trial Act because that count was not alleged in the original complaint. The Speedy Trial Act requires dismissal for pre-indictment delay "only [of] the specific charges alleged in a pending complaint." *United States v. Gaskin*, 364 F.3d 438, 452 (2d Cir. 2004); *see* 18 U.S.C. § 3162(a)(1). Cummings argues that the access device fraud count should have been dismissed notwithstanding the absence of that charge in the original complaint because the complaint alleged all of the *facts* necessary to support a charge of access device fraud. This argument is squarely foreclosed, however, by our holding in *Gaskin* that "when a complaint charge and an indictment charge involve overlapping or *even identical facts*, dismissal is *not* warranted under § 3162(a)(1) *if the indictment charge requires proof of elements distinct from or in addition to* those necessary to prove the crimes pleaded in the complaint." *Gaskin*, 364 F.3d at 453 (emphasis added). Here, access device fraud clearly requires "proof of elements district from or in addition to" those necessary to prove the crimes—bank fraud, mail fraud, and aggravated identity theft—pleaded in the complaint, *id.*, namely: (1) unauthorized use of an access device and (2) obtaining anything of value amounting to $1,000 or more. Thus, even if Cummings had preserved a motion to dismiss the access device fraud count, that motion would properly have been denied.

Cummings next contends that the district court erred in denying Cummings's motion for a new trial as to the access device fraud count based on newly discovered impeachment evidence. We review a district court's denial of a motion for a new trial for abuse of discretion. *See United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008). "A district judge's ruling is given deference because the judge presided over the trial and is in a better position than an appellate court to determine the probable effect of new evidence." *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2004). The government's failure to disclose impeachment evidence under *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), "justif[ies] a retrial only 'if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different,'" that is, if "the government's failure to disclose 'undermines our confidence in the outcome of the trial.'" *Spinelli*, 551 F.3d at 164 (quoting *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995)) (second alteration in original). Here, we discern no abuse of discretion in the district court's conclusion that Officer Robert Harry's testimony was cumulative and immaterial as to the access device fraud count and that the undisclosed impeachment evidence therefore would not have changed the outcome of the proceeding with respect to that count.

We have reviewed the remainder of Cummings's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk


3